## UNITED STATES v. WRAY et al.

(District Court, N. D. Georgia. October 30, 1925.)

No. 8153.

1. **Criminal law ⊂⊃37—"Entrapment" is the seduction or improper inducement to commit crime, not legitimate testing of suspected person.**

"Entrapment" is the seduction or improper inducement to commit a crime, and not the testing by trap, trickiness, or deceit of one suspected.

2. **Criminal law ⊂⊃37—Prohibition agent's pretention at dealing in intoxicating liquor held not to give rise to defense of entrapment.**

That prohibition agent, by pretending to be dealer in illicit whisky, induced sales to him, *held* not to give rise to defense of entrapment.

3. **Conspiracy ⊂⊃23—Acquittal of one of two alleged conspirators acquits the other.**

Acquittal of one of two alleged conspirators acquits the other.

4. **Conspiracy ⊂⊃23—Two of defendants co-operating in sales of liquor to prohibition agent properly chargeable with conspiracy, though single defendant not so chargeable.**

Seller of liquor to prohibition agent is not chargeable with criminal conspiracy with agent, but two defendants co-operating in sales to such agent may properly be so charged and their offense thereby aggravated from misdemeanor to felony.

Prosecution of Joe Wray and another for conspiracy to violate the National Prohibition Act. On motion for directed verdict. Motion denied.

John M. Johnson, Asst. U. S. Atty., of Atlanta, Ga.

Paul L. Lindsay, of Atlanta, Ga., for defendants.

SIBLEY, District Judge. The evidence shows that Russell, the prohibition agent, by pretending to be a dealer in illicit whisky, induced the defendants to make several considerable sales to him; one defendant being a white man of means who conducted the

business and the other a negro who made the deliveries. The indictment is for a conspiracy to violate the Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and alleges that the two defendants conspired with one another, and also with Russell, to this end. A directed verdict of not guilty is moved on two grounds: (1) That there has been an unlawful entrapment of the defendants; and (2) that the misdemeanor of selling whisky cannot be aggravated into a felony by charging a conspiracy with a representative of the government.

[1, 2] 1. The first point is not well taken. Much confusion of thought has been occasioned by the use of the word "entrapment" in this connection. Whenever an officer of the law, by any plan or contrivance, or opportunity presented, causes a person to commit a crime in which he is detected, the officer entraps the criminal. It may also be said that the particular offense would not have been committed except for the act of the officer. Nevertheless, it is well settled, when it is suspected that a crime is being committed and the question is as to who the guilty persons are, that traps may be laid and baited as by decoy letters, by opportunity to sell whisky or morphine, in order to catch the guilty person. On the other hand, officers of the United States may not induce persons, who would not otherwise have committed crime, to violate the laws and then prosecute for it. A sound public policy and a decent fairness forbid it. It is not, therefore, properly speaking, the entrapment of a criminal that the law frowns down, but the seduction by its officers to commit crime. A suspected person may be tested by being offered opportunity to transgress in such manner as is usual therein, but may not be put under extraordinary temptation or inducement. Thus a morphine peddler usually deals with addicts. An officer, in testing a supposed peddler, may properly pretend to be an addict, with their common discomforts and craving for the drug, thus giving color to the ruse, and he may offer a liberal price for the drug, and manifest considerable persistence, for these things are common in such dealings. But he could not pretend to be in excruciating pain, or to have a wife or friend in extremity of suffering, to appeal thus to humanity, or offer any fabulous price for the drug. So, one desiring to test a supposed liquor seller might represent himself to be such a person as could be trusted in such a transaction, and do and say such things as would not be unusual in such dealings, but he could not pretend sickness or put extraordinary pressure upon his victim to get him to break the law, and, of course, could not organize a liquor plot and then prosecute for it. The question, I repeat, is not one of laying a trap or of trickiness or deceit, but one of seduction or improper inducement to commit crime. The former is permissible and often necessary to enforce the law. The latter is not. The present case is well within the limits of official propriety.

[3, 4] 2. Had the conspiracy been charged to have been between the officer and one other person, I should be inclined to hold that if the officer was endeavoring to entrap the other, and not really intending to join in a violation of law, there could be no conviction. He himself could not be convicted for conspiracy, and the rule is that acquittal of one of two alleged conspirators acquits the other. Moreover, it does not seem right to aggravate a misdemeanor of selling liquor into a felony of conspiracy solely by the circumstance of an officer of the government, acting for the government, taking a part in it. If a purchaser and seller of liquor, both knowing the sale to be illegal, can be considered conspirators, still where the purchaser is an officer in the discharge of his duty, there is no indictable conspiracy. But here the indictment charges, also, that the two defendants conspired with one another, and there is evidence in support of this view of the case. The issue as to their conspiracy should be passed upon by the jury.