## H. C. HAINES v. THE STATE.

No. 19603. Delivered April 6, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*J. P. Rogers,* of Houston, *Ray Holder,* of Dallas, and *Lillian Reynolds,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for theft of property over the value of $50.00; punishment is assessed at confinement in the State Penitentiary for a term of three years.

The record shows that on or about the 20th day of May, 1937, appellant appeared at the office of L. W. Capps' Drilling and Construction Company in Houston, Texas, and engaged a truck and driver to haul some oil well pipe. He went with the truck to Wharton, arriving there some time after 1 A. M. He and the driver loaded 35 joints of 2-inch pipe which was stacked alongside a fence, took it to Luling, and appellant sold the same to the Jones Supply Company. He paid the truck driver $40 for his services and the two of them returned to Houston. A short time later, he made arrangements with the same company to take a truck to Victoria. The truck driver informed Mr. Capps that appellant made these trips at night, loading and hauling the material under cover of darkness. Believing that appellant might be stealing the property, Mr. Capps informed the officers. They agreed with him to assist in catching appellant if he was engaged in stealing the material. On July 2, appellant again engaged a truck and driver to go to Falfurrias. Mr. Mitchell, the driver who had previously accompanied appellant, was directed to go with him. When the two had reached Falfurrias, appellant directed Mitchell to drive out of town to a field and stop. Appellant soon came from the field, carrying a pair of Wilson Tongs. He put them in the truck and made several trips, bringing back more property. When the load was completed, they had two sets of Wilson Tongs, 1 set of 4-inch slips, and one set of 4-inch elevators. They drove to Lockhart, where one set of the Wilson Tongs was sold to Buck Alexander for $100. They then left for Houston, but upon reaching Richmond, appellant was arrested and placed in jail by Mr. Capps, Mr. Mayr, a highway patrolman, and the sheriff of Fort Bend County. The State's testimony showed that the value of the property taken was $280. Appellant did not testify or offer any affirmative defense. He sought to show that the value of the allegedly stolen property was less than $50, with the view, no doubt, to reducing the offense to a misdemeanor.

We find three bills of exceptions in a supplemental transcript. Each of these is shown to have been filed more than 30 days after the adjournment of the court, and there is no order extending the time in which to file the same. In the absence of a showing that the time for filing bills was extended by the court and such order duly entered upon the minutes of the court, the same can not be considered by us. See Cupp v. State, 118 Texas Crim. Rep. 238.

At the conclusion of the State's testimony, appellant filed a motion requesting the court to strike out the testimony of Capps and Mitchell on the grounds that they were accomplices to the

offense. This the court declined to do, and we think properly so. Even if they should be accomplices as a matter of law, this would not make them incompetent witnesses.

Appellant, in due time, requested the following special instruction: "You are instructed that the testimony offered by the witnesses, Harvey Mitchell, L. W. Capps and Ernest Mayr is, in law, considered to be accomplice testimony, and unless you believe said testimony was corroborated by other competent testimony you will not consider the same for any purpose."

The court declined to give this instruction and declined to submit the issue of whether or not Mitchell and Capps were accomplice witnesses. It might be that the court should have instructed the jury with reference to what constituted an accomplice and then instructed them with reference to whether or not Mitchell and Capps were accomplices. A failure to do so, however, in the instant case did not constitute reversible error, because the State, independent of their testimony, clearly established a case of theft by the testimony of J. M. Vann, who was in charge and possession of the allegedly stolen property at the time it was taken; by the testimony of Roy Shipman, the owner thereof; by Phil Nolan, an employee of Buck Alexander who issued him a check for $100 in payment of the Wilson Tongs later recovered by Shipman and identified as his own. The balance of the stolen property was discovered in appellant's possession at the time he was arrested in Richmond, and is shown by the testimony of Ernest Mayr, one of the arresting officers. This property was subsequently identified as that of Mr. Shipman. Hence, the testimony of Mitchell and Capps could be disregarded or eliminated and a case of theft would still be made out against appellant.

Consequently, the court's failure to instruct or submit to the jury the issue of whether or not Mitchell and Capps were accomplices could not have resulted in injury to the appellant's cause. It is true that the statute prohibits the conviction of one accused of crime upon the uncorroborated testimony of an accomplice, and in a proper case, the instruction to the jury to that effect would have been necessary; and in some cases a failure of such corroboration would result in reversal. However, Article 666, C. C. P., forbids the reversal of a case for harmless error in a charge. Since it appears to us from the testimony that the court's failure to give an instruction on the law of accomplice witness was harmless error, we would not be justified in reversing the case on that ground alone. See Bogan v. State, 22 S. W. (2d) 944; Wilkerson v. State, 93 Texas Crim. Rep. 50.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant again complains of the matters that we have heretofore passed upon in the original opinion herein, and after reviewing the statement of facts and bills of exception in the record, we are convinced that this case was properly disposed of in our original opinion herein.

The motion is therefore overruled.