DEBS CRAWFORD, *alias* DABS CRAWFORD v. THE STATE.

No. 23259. Delivered October 31, 1945.
Rehearing Denied November 28, 1945.

The opinion states the case.

John M. Mathis and Jim H. Letts, both of Houston, and Nelson, Brown & McCleskey, of Lubbock, for appellant.

A. C. Winborn, Criminal District Attorney, and E. T. Branch, Assistant Criminal District Attorney, both of Houston, and Ernest S. Goens, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a robbery by assault, and by the jury given a term of fifteen years in the penitentiary.

There are no bills of exceptions found in the record.

The statement of facts shows an assault upon the person of

Mrs. Clarence Rhoden, and a considerable sum of money obtained thereby.

Appellant filed a motion for a continuance, alleging therein his desire to set up an alibi as a defense herein, but we find no bill of exceptions to the trial court's failure to grant such motion. We cannot consider such a failure to grant this motion in the absence of a bill of exceptions thereto, and a mere recital in the judgment that defendant excepted, or a complaint in the motion for a new trial, will not serve as a bill of exceptions. See Branch's Penal Code, p. 183, Sec. 304, and cases cited.

It is also claimed that the trial court committed an error that was fundamental in that he failed to instruct the jury that the witness Rosie Rhodes was an accomplice as a matter of law. In the first place, we are not impressed with the fact that such witness fell under the above classification, and, in the second place, we fail to find any objection to the court's charge relative to such proposition, there being no exceptions of any kind leveled at the court's charge. It could conceivably become this court's duty to reverse upon a failure to charge upon the testimony where such failure had been called to the court's attention, provided such witness was an accomplice as a matter of law, where there was no further connecting testimony in the case, such duty arising, however, upon a consideration of the sufficiency of the testimony to support a conviction and not upon an unobjected to error in the charge.

We have heretofore held in the case of Pitts v. State, 85 Tex. Cr. R. 14, 210 S. W. 199, that:

"In this case the court did not charge the law of accomplice testimony, none was asked, and no exception taken to the failure of the court to so charge except in the motion for a new trial. This exception comes too late under the statute. This failure of the court, however, to charge the law applicable to accomplice testimony would not interfere with a reversal for failure of the evidence to corroborate the accomplice. This can be raised whether the charge was given or not, inasmuch as a conviction cannot be had upon the uncorroborated testimony of an accomplice."

To the same effect is the case of Haines v. State, 134 Tex. Cr. R. 524, 116 S. W. (2d) 399, the latter case holding a failure to instruct relative to the accompliceship of a witness to be harmless where there appears in the case other legitimate testimony upon which a conviction could be properly predicated. In this

connection, we find a complete confession of guilt upon the part of appellant, neither contradicted nor denied.

It is urged for the first time in this court that the trial court failed to observe Art. 657, C.C.P., and did not instruct the jury that they were the exclusive judges of the facts, etc. We find such an instruction in the record.

The charge of the court was not complained of in the trial hereof, and, under the circumstances here presented, we think the same was sufficient, and does not present fundamental error.

The judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Notwithstanding no objections were filed to the court's charge it is insisted that fundamental error was committed because the court did not define the offense of robbery in his instructions.

The court required the jury to find beyond a reasonable doubt the presence of the ingredients of the offense of robbery before a conviction could be had. See authorities under Note 17, Art. 658 Vernon's Texas C. C. P., Vol. 3. If appellant thought a more detailed instruction upon the point was desirable the court's attention should have been called to the matter by timely objections to the charge. To hold otherwise would in effect be to ignore Art. 658 C. C. P.

Likewise, appellant asserts that the trial court committed fundamental error because he did not in so many words tell the jury that appellant had plead not guilty. In the absence of a showing to the contrary we must assume that a plea of not guilty was entered before the jury, because the court specifically told the jury that appellant was presumed to be innocent, and if they had a reasonable doubt of his guilt to acquit him.

The motion for rehearing is overruled.