DAN SILBA ALIAS DAN SILVA V. STATE

No. 27,179, November 24, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 23, 1955

*Ray Stevens*, Austin, for appellant.

*Bob Long*, District Attorney, *Sam Kimberlin, Jr.*, Assistant District Attorney, and *Wesley Dice*, State's Attorney, all of Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, life.

Five young men left a bar and encountered a sixth. The sixth was stabbed in the heart and died. Two of the five testified for the state. The court charged that Trevino was an accomplice witness as a matter of law but refused to submit to the jury the question of whether the other, one Guzman, was an accomplice.

The appellant did not testify or offer any evidence in his behalf, and this appeal is predicated upon the alleged error in the court's ruling as to Guzman.

Guzman, age 16, testified that he met the appellant and his companions in the bar and asked for a ride home; that as they left they encountered deceased; that four of the young men attacked the deceased, some with knives and some with their fists; that he had not expected trouble and did not participate in the attack; that after the deceased fell somebody said, "Let's go"; that they all got in an automobile and drove away. Guzman stated that the automobile was intercepted by the officers before they had gotten to his home; that he was carried to jail with the others; that on the folowing day he went to the juvenile home, where he remained about a week, and was then carried to the district attorney's office, where he made a statement, and was then released.

Trevino, the acknowledged accomplice, testified that he and the others assaulted the deceased but that Guzman took no part in the attack.

No witness testified that Guzman did anything to cause the death of the deceased or that he did anything to aid or encourage the attackers or assisted them in any way to evade arrest or ever made any false statement about their guilt to the properly constituted investigating authorities or was ever indicted as being a party to the crime.

Appellant urges that, since Guzman left the scene of the homicide with the attackers and since he was arrested and detained in the juvenile home, this raised an inference that the witness was connected with the offense and that this is sufficient to require the court to submit the issue of whether or not he was an accomplice to the jury.

We think this is a misconception of the law. A sound rule which we think has been accepted in most jurisdictions is this: If all the evidence shows that the witness is answerable to the

law as a principal or an accomplice to the crime or an accessory to the accused or if he has been indicted as such, then he is an accomplice witness as a matter of law. If there is a conflict in the evidence, then the question should be submitted to the jury. But if there is not enough evidence to support a charge against the witness as either a principal, an accomplice or an accessory, then he is not an accomplice witness (except in those rare cases where he may not be prosecuted as an accessory because of his kinship to the accused).

We do not find that Guzman's relationship to the crime or the criminals would render him accountable under the law as a party to the crime itself.

We have carefully read the cases cited by appellant's able attorney in his brief, but do not find that they fit the facts here before us.

The evidence is sufficient to support the conviction, and no reversible error appearing, the judgment of the trial court is affirmed.