ERNEST IVY V. STATE

No. 27,416. March 2, 1955
Rehearing Denied April 13, 1955

*Martin & Shown,* by *W. E. Martin,* Houston, for appellant.

*King C. Hayne,* Houston, *amicus curiae,* on Appellant's Motion for Rehearing.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was convicted for the unlawful sale of heroin, a narcotic drug, and his punishment assessed at two years in the penitentiary.

Richards, the person to whom it was alleged that appellant sold the narcotic drug, testified that appellant sold him two capsules of heroin, for which he paid him $14; that the sale took place in a trailer house; and that Robert Bayly and an unidentified third person were present in the trailer house.

Richards was a narcotics agent for the Texas Department of Public Safety and at the time was working as an undercover agent.

Bayly did not testify as a witness in the case.

Appellant's defense is that the narcotics agent was guilty of entrapping him into violating the law by selling the drug to Richards. To sustain that defense he relies upon his own testimony, wherein he said that he had been "running around" with Bayly, whom he knew as a narcotics "pusher"; that Bayly gave him narcotics from time to time; that at the suggestion of Bayly he put $25 into a joint fund with which Bayly purchased the narcotics a part of which was sold to Officer Richards in the trailer house; and that the sale was made to Richards upon Bayly's suggestion and his representation that Richards was his friend, was sick, and wanted to buy some dope which he, himself, could not sell because he (Richards) would expect him to give it to him as payment on a debt of $35. Appellant further testified that "he (Bayly) told me if it was all right how's about you letting him have the dope and I told him all right."

Appellant admitted that he sold the narcotics to Richards for $14. He testified, however, that he made the sale only at Bayly's instigation and insistence, but for which he would not have done so or had anything to do with the transaction.

Richards testified that Bayly was working under cover as an informer in assisting him ferret out violations of the narcotics law under his direction and supervision, but that he (Bayly) was not a narcotics agent; that he (Richards) was always nearby and saw to it that whatever narcotics purchase Bayly made with the money he furnished him for that purpose was brought directly to him; that Bayly's duties were to assist

him "in setting" him "in to dealers and pushers who he knew *was* pushing dope"; that on one occasion he had Bayly arrange for a purchase and notify him so he could make the purchase, but usually he would pick Bayly up and look for people he knew were selling narcotics and try to buy some from anybody they "saw with dope that wanted to sell it"; that he was not acquainted with appellant and had no reason to believe that he would be at Bayly's place; that Bayly was himself an addict and missed the police dragnet in which many were arrested and held for investigation or charged with vagrancy.

It is true that Richards testified that Bayly helped him make a case against appellant and was acting as his agent in connection with making narcotics cases, but he also testified as to the method used generally. As to the present case, he testified as follows:

"The only way he (Bayly) would be implicated is he owned the trailer house at the time I approached him in this defendant's hearing and asked him if he had any stuff. He didn't answer. This man here answered and asked me how much I wanted."

To this question Richards replied: " . . . . two caps."

Under such state of facts, appellant requested the trial court to charge upon what he terms the law of entrapment—that is, that if the jury believed or entertained a reasonable doubt that the state's witnesses, Richards and Bayly, either or both, initiated the commission of the offense or induced him to commit the offense, they should acquit. In other words, appellant insisted that the jury should be instructed to acquit him if the officer and those working with him for the purpose of instituting a criminal prosecution initiated and induced him to commit the crime here shown—and this, notwithstanding the fact that appellant, by his own testimony, admitted the commission of the unlawful act.

Assuming, without deciding, that entrapment is a defense to crime in this state, and that appellant was entitled to an acquittal if the narcotics officer or agents induced him to commit a crime not contemplated by him for the purpose of instituting criminal prosecution against him, is such defense raised by the evidence?

The conclusion is expressed that the testimony of the officer is uncontradicted in so far as it shows that he was not a party

to any scheme to secure the conviction of innocent persons by inducing them to possess or sell narcotics in order that he might prosecute them therefor.

That Bayly may have made the misrepresentations and suggestion testified to by appellant as having been made at the time of the purchase would not, alone, show entrapment even though the officer had been a party thereto.

That Bayly was a party to the offense of possession and had arranged for and made the purchase of the narcotics without the participation, direction, or suggestion of the officer would constitute no defense, as appellant had knowingly and willingly participated in and made the sale.

Appellant knew and was of necessity charged with knowing that he was violating the law when he sold the narcotics. No one forced him to make the sale; he did it of his own free will.

What was said in Ridinger v. State, 146 Texas Cr. R. 286, 174 S.W. 2d 319, appears, as to the conclusion expressed, to be in point:

"It would be rather difficult to conceive of a state of facts whereby a party was, by entrapment, induced to make a sale of liquor, where he does so by his own acts and with full knowledge of what he is doing."

Accordingly, the conclusion is reached that appellant was not entitled to the charge requested and that the facts support the jury's verdict.

The judgment is affirmed.

MORRISON, Presiding Judge, dissenting.

My brethren assume but do not decide that the defense of entrapment applies in Texas. If it does not, then Texas finds herself aligned against the great weight of authority. Without some compelling reason, I would be reluctant to place this court in such a position.

In Peery v. State, 138 Texas Cr. Rep. 155, 134 S.W. 2d 283, we said:

"The word 'entrapment' has been defined legally as 'the se-

duction or improper inducement to commit a crime, and not the testing by trap, trickiness, or deceit of one suspected.' U.S. v. Wray, D.C., 8 F. 2d 429. Mr. Webster defines the word 'entrap' as 'to catch as in a trap by artifice.' The 'entrapment' as used in a legal sense carries with it the presumption that the officer or agent manufactures the offense and then incites accused to commit the offense for the purpose of prosecution."

Entrapment has also been defined as "the inducement of one to commit a crime not contemplated by him for the purpose of instituting criminal prosecution against him." Sorrells v. U.S., 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 423, 86 A.L.R. 249; U.S. v. Wray, 8 F. 2d 429, 430

It is the general rule that where the criminal intent originates in the mind of the accused the fact that the officers furnish the opportunity for or to aid the accused in the commission of a crime constitutes no defense to such a prosecution Stevens v. State, 133 Texas Cr. Rep. 333, 110 S.W. 2d 906; Sorrells v. U.S., supra; State v. Marquardt, 89 A. 2d 219, 31 A.L.R. 2d 1206, 139 Conn. 1; 22 C.J.S. 99, sec. 45. However, if the criminal design originates in the mind of the officer, and he or those working under his direction and supervision induce a person to commit a crime which he would not otherwise have committed except for such inducement, this is entrapment, and in law may constitute a defense to such crime. Sorrells v. U.S., supra; State v. Marquardt, supra; Butts v. U.S., 273 F. 35, 18 A.L.R. 143; O'Brien v. U.S., 51 F. 2d 674; Morei v. U.S., 127 F. 2d 827; 9 Texas Law Review 276; 41 Yale Law Journal 1249; 15 Am. Juris. 25; 22 C.J.R. 99, sec. 45.

Where the evidence raises an issue as to whether the intent to commit a particular crime originated in the accused's mind or in the mind of the officer or those working under his direction and supervision and whether the accused was induced to act in a manner in which he would not otherwise have acted except for such inducement, then the question of entrapment is one of fact and should be submitted to the jury. Sorrells v. U.S., supra; State v. Marquardt, supra; People v. Kazakis, 228 P. 2d 58 (Calif.); People v. Gallagher, 290 P. 504; U.S. v. Sawyer, 210 F. 169.

As I understand the majority opinion, they hold that the officer himself must be the entrapper. The fallacy in this reasoning, as I see it, is that it would permit the officer to do indirectly what he could not legally do directly.

Bayly was Richards' agent. It is undisputed that the appellant had never before sold narcotics. It is also undisputed that Bayly made the original suggestion that they acquire the narcotics in question, and it was Bayly who bought the narcotics.

It seems inescapable to me that Bayly induced this appellant to commit a crime not contemplated by him and that he did so for the purpose of supplying Officer Richards with evidence so that the appellant might be prosecuted. Whether Officer Richards was aware of this fact is not the question. The essential issue is whether or not the appellant was entrapped into committing this offense by the officers *or their agents,* and such an issue should have been submitted to the jury.

I respectfully enter my dissent.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

As stated in our original opinion, Officer Richards' testimony is undisputed and is to the effect that he was not a party to any scheme to secure the conviction of innocent persons by inducing them to possess or sell narcotics in order that he might prosecute them therefor. There was no evidence, therefore, which would authorize a finding that Richards was an accomplice witness.

Under appellant's testimony he was not entrapped by Richards acting through his agent Bayly. If induced by anyone it was by Bayly.

Appellant sought to have the jury instructed to acquit if Richards and Bayly, either or both or acting together, initiated and induced the commission of the offense which appellant would not otherwise have committed.

Richards, under the undisputed evidence, not being a party to the claimed inducement, the court properly declined to so charge.

As to Bayly, the question may be thus stated: May one who sells narcotics to a narcotics agent of the state escape punishment for such sale by showing that the addict who informed upon him induced him to participate in the purchase of the nar-

cotics, to resume the use of narcotics and to make the sale to the narcotics agent, the addict's purpose being to bring about the prosecution of the seller by the narcotics agent who made the purchase, no officer or agent of the state being in any way a party to a scheme of inducing the seller or anyone else to commit a crime not contemplated by him, for the purpose of instituting criminal prosecution against him? We think not.

Where the defense of entrapment has been recognized, it is held that the entrapment must be by an officer or agent of the state or the government and not by another private person. Beard v. U.S., 59 Fed. 2d 940.

Appellant recognizes this rule.

Richards' testimony as to the extent of Bayly's implication in the case against appellant is referred to in the motion for rehearing as Richards' expression of what he knew about the matter. It is not contended that Officer Richards is shown to have been a party directly to "framing" appellant. It is contended that Bayly was an agent of Richards and of the state.

The courts of this state have long recognized the doctrine of entrapment, proof of which makes the entrapping person an accomplice witness because he has become a party to the crime.

Officer Richards was not shown to have become a party to the offense and was not an accomplice witness. Bayly did not testify.

The question is not whether Bayly was a party to the sale and himself guilty of an offense, but whether his implication would relieve appellant from criminal responsibility therefor.

The courts of this state have not previously held that entrapment was a defense to crime, though the inducement was by an officer or agent of the state.

Bayly not being an officer or agent of the state, and not acting under the directions of an officer or agent in doing so if he in fact induced appellant to commit the offense, we remain convinced that the issue of entrapment as a defense to crime was not raised by the evidence.

We disclaim any intent to hold that a defense to crime may not be raised by the testimony of the defendant.

Appellant's motion for rehearing is overruled.