**Charles Eugene HAMILTON,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15203.**

United States Court of Appeals
Fifth Circuit.

April 26, 1955.

Frank W. Oliver, Chicago, Ill., for appellant.

William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

The appellant was convicted on counts 2, 3, and 4, of a four-count indictment, of three violations of the Marijuana Tax Act of 1937, as amended, 26 U.S.C.

A. § 2590 et seq. Count 2 charged the transfer of 60 grains, count 3 charged the transfer of 75 grains, and count 4 charged the transfer of 70 grains, of marijuana, not in pursuance to a written order on a form issued in blank for that purpose as required and provided by said act. The trial court sentenced him to two years imprisonment on each count, to run consecutively, making a total sentence of six years.

The errors relied on for reversal are alleged to arise out of the failure of the court to grant the defendant a fair trial, consisting of erroneous and misleading instructions, prejudicial comments by the trial judge in the presence of the jury, misbehavior of the government's attorney, illegal evidence introduced over the objections of the defendant, and the complete failure of the government to present any evidence disproving the defendant's plea of entrapment. In our opinion, none of these assignments of error is sufficiently substantial and meritorious to warrant reversal except the one with reference to instructions to the jury on the subject of the defendant's plea of entrapment.

█ We do not approve of all the questions asked witnesses by either the court or the district attorney, but the objectionable ones were withdrawn, did no appreciable harm, and are not likely to be repeated on another trial. The assignment with reference to "the complete failure of the government to present any evidence disproving the defendant's plea of entrapment" seems to us to be wholly without merit. The proof of entrapment is weak, and the proof to the contrary is strong; but that question was not for the court below, and is not for this court. The matter of entrapment was an issue for the jury, and should have been correctly submitted to the jury, regardless of what either the lower court or this court may think about appellant's guilt.

█ The defendant requested the following instruction, Tr. 134, which we think should have been given:

"The Court instructs the jury that the defendant Hamilton has plead the defense of entrapment.

"The defense of entrapment is a good one in law and arises under certain circumstances. Where a defendant charged with the unlawful sale of marijuana was not and had never been a dealer in marijuana, had never sold any before, nor conceived an intention to do so, but was induced by the Government agent to sell to him, the whole transaction being a device of the narcotic agent who furnished the money to entrap, arrest and prosecute him, then the jury is instructed to find the defendant 'not guilty'."

Instead, the court gave its own instruction, pp. 128–129 of transcript, as follows:

"The defendant, in addition to the ordinary plea of not guilty, requiring the government to prove him guilty, has interposed the defense known as entrapment.

"Entrapment arises from a situation, as you will know from the charge I give you on the subject, that is based upon falsehood or fraudulent representations made by a government agent that induces a man to commit a crime which he would not have otherwise committed.

"The Court instructs you that it is permissible for the government agent and official, through detectives and decoys, to ferret out crime, or to present an opportunity for those having an intent or a willingness to commit crime. In order to ascertain, or to determine if crime is present there it is not proper for the government agent or detective or decoy, however, to incite or create crime for the purpose of prosecuting or punishing.

"Where the government agent in his zeal, or for any other cause, counsels or otherwise leads the defendant to believe, or arouses his

sympathy by a false statement, for instance, if he represented to him that he was maybe an addict to a certain drug or, we will say to marijuana and that he was sick and that he was going to cure himself but he needed a little help right now, and the fellow had some marijuana and let him have it, when he otherwise would not have done so, simply because he thought he was relieving suffering and pain, that would be inducing the sale. But if the sale or transfer is induced for a money consideration, then and in that event, there is no entrapment. If the defendant believes the statement to be true, that would otherwise constitute entrapment, and he was thereby induced to violate the law, when he otherwise would not violate that law, then and in that event he would not be guilty, however, if that inducement, that falsely made statement on which the request for the sale is made is not present, and the defendant did not act upon it, then the Court instructs you that the federal agent, if he had reasonable grounds to suspect, and did suspect the defendant of illegally dispensing marijuana and the action of the agent was taken in an effort to detect crime and not to induce its commission, then such action was lawful, and if the defendant committed the acts as charged in the indictment in Counts Two, Three, and Four, the defendant would be guilty."

The latter instruction contained elements of a good charge coupled with elements of a bad one. It gave the jury a hypothetical situation that might excuse the defendant, but said that if the sale or transfer was induced for a money consideration, there was no entrapment. There was no evidence of entrapment by any scheme or device referred to by the court in its charge except a sale or transfer induced for a money consideration, in which event the court charged that there was no entrap-

ment. In our opinion this was reversible error. No authority is cited to sustain this exception, and we have found none. Entrapment is a valid, positive defense, in certain circumstances, the invocation of which necessarily assumes that the act charged was committed. 22 C.J.S., Criminal Law, § 45.

The gist of the defense of entrapment is the conception of the crime by the government's agent for the purpose of prosecuting the defendant, the latter not having any previous intention to commit it. A money consideration or any other adequate motive incited by the agent to induce the crime may constitute entrapment, provided the conception of the criminal design originated with the government's agent, and was planted by him in the mind of the accused, who otherwise would not have committed the offense; but, when it is suspected that a crime is being committed, for instance, in the sale of narcotics, and the question is as to who is the guilty party, traps may be laid by affording the suspect an opportunity to sell the same in order to catch the guilty person. A suspected criminal may be offered an opportunity to transgress in such manner as is usual therein, but extraordinary temptations or inducements may not be employed by officers of the government. The charge requested by the appellant fairly stated the law, and should have been given instead of the oral equivocal instruction that left the jury without any definite applicable guide in considering the evidence on the subject of entrapment. Sorrels v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Butts v. United States, 8 Cir., 273 F. 35, 38, 18 A.L.R. 143; United States v. Wray, D.C., 8 F.2d 429; Swallum v. United States, 8 Cir., 39 F. 2d 390; Morei v. United States, 6 Cir., 127 F.2d 827; Demos v. United States, 5 Cir., 205 F.2d 596; United States v. Sawyer, 3 Cir., 210 F.2d 169, 170.

Not only was there substantial evidence to sustain the verdict, but, after his arrest, the defendant admitted his guilt to several apparently credible

witnesses; and, this being a controverted issue, the credibility of these witnesses was for the jury. To decline to reverse the judgment appealed from would be tantamount to denying the defendant a jury trial upon the issue of entrapment. Therefore, the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion. In Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350, the court said: "A conviction ought not to rest on an equivocal direction to the jury on a basic issue."

Reversed.