Jesse L. OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37280.

Court of Criminal Appeals of Texas.

Nov. 25, 1964.

Rehearing Denied Jan. 13, 1965.

Chappell & McFall, by John R. McFall, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett, Asst. County Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is procuring; the punishment, 3 months in jail and a fine of $200.

We find it necessary to set aside the conviction because the appellant was deprived of a fair and impartial trial by the overruling of appellant's exception to the court's

charge. The error was properly preserved but was not raised in the brief or in oral argument.

The evidence shows that Billy Gabriel, the male person named in the information, went to the motel room described in the information, where he met the named prostitute and paid her $10 for an act of intercourse.

Gabriel was in fact a traffic officer of the Lubbock Police Department who was working under the directions of Sergeant Bill Bessent of the detective division. Officer Bessent came to the room and arrested the prostitute after she had prepared herself for the act of intercourse.

The state relied upon Officer Gabriel's testimony to prove the allegation of the information that the appellant procured the prostitute charged in the information.

Appellant's exceptions to the charge complain of the failure of the court to instruct the jury with reference to accomplice witnesses and the law of entrapment, and to submit the issue of whether or not Officer Gabriel was an accomplice.

Upon examination by the District Attorney, Gabriel testified that he went to the motel to see if a crime was being committed, not to trick someone.

On cross-examination he testified:

"Q. Well, in other words, your purpose was to go out there and secure a conviction, if possible, against a girl, is that correct?

"A. If there was one out there, yes, sir.

"Q. That was your purpose?

"A. Yes, sir.

"Q. And also before you started, your mind was made up that if you could trick someone into sending a girl to you, that was also your purpose, was it not?

"A. Yes, sir.

"Q. All right. You'd made up your mind to do that prior to the time that you went out there in that Yellow Cab, is that correct?

"A. Yes, sir."

There was no testimony showing or tending to show that the officers had information that the appellant was engaged in procuring or had previously procured.

The issue of entrapment of a procurer was raised by the testimony quoted and the trial court erred in failing to charge the jury on the law of entrapment and in failing to submit to the jury the question of whether Officer Gabriel was an accomplice witness whose testimony required corroboration. See Art. 718, Vernon's Ann.C.C.P.; Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452.

The omission in the charge was error calculated to injure the rights of the appellant.

The judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

Had these questions been propounded to Sergeant Bessent, I might agree that the defense of entrapment was raised. I do not agree that the issue of Gabriel being an accomplice witness is in this case. When carefully examined, this entire record discloses that Gabriel had been with the police force only a short time and this was his second or third undercover assignment. His duty was to patrol traffic. It was from this duty that he was relieved on the night in question. From this moment forward, his every act was under the direct supervision and direction of Bessent. In truth and in fact he went to this "not so new" $3.00 a night motel because Bessent told him to do so. The danger in this opinion lies in the fact that it will be misunderstood by the legal profession and by law enforcement officers. This Court has repeatedly held that where an officer who has reliable in-

formation which leads him to believe that procuring and prostitution are taking place at a certain location and goes there for the purpose of arresting the offenders, the issue of entrapment is not raised. Brown v. State, 162 Tex.Cr.R. 85, 282 S.W.2d 224, and Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762. This is exactly what occurred here. Bessent had reasonable ground to believe that prostitution was taking place at the Seven Acres Lodge because he testified he had been "there a number of times observing this same sort of thing."

Counsel who tried the case did not think, after due reflection, that the issue of entrapment was raised because he did not in his twenty-five page scholarly brief and in his argument before this Court discuss the defense of entrapment.

In the relatively recent case of Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462, the Supreme Court of the United States annotated and discussed the defense of entrapment and held that it was not raised in that case. See also 70 Harvard Law Review 1302.

For the reasons stated, I respectfully dissent.