**Fernando BRISENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42533.**

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

Rehearing Denied March 18, 1970.

------

Homer Salinas, John F. Dominguez, Mercedes (on appeal only) for appellant.

Oscar B. McInnis, Dist. Atty., Joe A. Cisneres, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful sale of marihuana; the punishment, five years.

The indictment alleged the sale of marihuana to Artemio Caceres, Jr. on or about September 14, 1968.

Appellant's first ground of error complains that the court erred in overruling his motion to quash the indictment, the ground being that appellant was not granted an examining trial pursuant to Art. 16.01 Vernon's Ann.C.C.P.

The record reflects that the indictment was returned prior to the time set for examining trial.

■ The return of an indictment terminates the right to an examining trial. Art. 16.01, supra; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320; Gooden v. State, Tex.Cr. App., 425 S.W.2d 645.

Artemio Caceres, Jr. was a 19 year old boy who was employed by Harold George, Chief of Police of the City of Weslaco, on September 1, 1968, as a police officer to do undercover work for the purpose of obtaining information on narcotic pushers and users. On September 14th he was riding with Omar Sanchez and Sanchez mentioned marihuana. Caceres indicated that he was interested in buying some and Sanchez said he knew where they could buy some. They then proceeded in Sanchez's car to Mercedes, some five miles from Weslaco, where they contacted Billy Ray Terry and appellant, and the four went to appellant's home. Appellant got out of the car and went into the house, then promptly returned with a package. The four then proceeded to a wooded area on the side of a canal where appellant opened the package, and put some of what appeared to be marihuana in a paper and rolled it up.

Caceres testified: "That would be considered a Five Dollar bundle of marihuana."

"Q. Yes, sir. And, what did he do with that?

"A. Well, then, he—well, Billy Ray wanted to see it. He *saw* because he wanted to know how much we were getting. He handed it over to Omar and I handed the money to Omar, and Omar handed it to Fernando.

"Q. Were you the man that was actually making the purchase there at that time?

"A. Yes, I was.

"Q. And, at that time, were you working for the Weslaco Police Department?

"A. Yes, sir, I was.

"Q. Was this part of your duties to do these sort of things?

"A. Yes, sir."

Caceres identified the contents of the package introduced in evidence as State's

Exhibit No. 1 as the package of material he purchased from appellant and which Omar Sanchez handed over to him after they left appellant and Terry and drove to the north side of Weslaco. Caceres further testified that he put his initials on the package that he bought from appellant, kept it in his possession until the following morning when he personally delivered it to the Police Chief who placed it in locker 12, a place for keeping such evidence, and on October 11, 1968, got the package from the Police Chief and delivered it to Dr. Whigham at his laboratory in McAllen who put his initials and the time he received it on the package.

Caceres further testified that he went to Dr. Whigham's Laboratory and got the exhibit from him on October 21st and brought it to the District Attorney's Office and placed it in evidence locker No. 2 and on the day of trial got the exhibit from the locker and brought it to the courtroom.

Chief of Police George and Dr. Whigham corroborated Caceres' testimony as to the delivery and handling of the exhibit and Dr. Whigham identified the contents of the package as about three grams of marihuana.

■ Appellant's ground of error No. 2, which complains that the state failed "to establish a running chain of custody of the marihuana," is overruled.

Ground of error No. 3 presents the contention that Caceres was without authority to act as a peace officer (by reason of his age) and was therefore an accomplice witness. Ground of error No. 4 complains that the court erred in allowing the testimony of Caceres, an accomplice.

■ We need not decide whether a minor may be a police officer of a city.

Whether he was a duly qualified police officer or not, the evidence reflects that Caceres was acting as an undercover agent, assigned to obtain evidence to be used against those engaged in selling narcotics. The contention that Caceres was an accomplice witness whose testimony required corroboration, or that the court erred in allowing his testimony, is overruled.

Ground of error No. 5, which complains that the court erred in overruling appellant's objection to the introduction of the marihuana as an exhibit is disposed of by our disposition of his ground of error No. 2.

Our disposition of ground of error No. 4 disposes of ground of error No. 6 which complains that appellant was entrapped by Caceres.

The remaining ground of error complains that the court erred in overruling appellant's motion for directed verdict, the ground being that the state failed to prove the sale of marihuana.

The testimony of the state's witness Caceres, if true, leaves no doubt that appellant made a sale of about 3 grams of marihuana and received therefor the sum of $5.00. The question of whether the sale was made to Caceres or to Omar Sanchez is not so clear.

While the witness Caceres should have been allowed to testify to the conversation between him, appellant and Terry, while they were together, in reference to the sale that was being negotiated and consummated, the evidence admitted without objection is deemed sufficient to support a finding by the jury that the sale was made to Caceres as alleged in the indictment.

The judgment is affirmed.