**Alvin C. CARR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46132.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 11, 1973.

Raymon Jordan, Houston, for appellant.

Stanley Kacir, Dist. Atty., Jerry Secrest, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of a dangerous drug, barbituric

acid derivative. The jury assessed the punishment at ten years.

The sufficiency of the evidence is not challenged.

Appellant complains of the trial court's refusal to charge on accomplice testimony and of an unresponsive answer by a witness for the State. The State proved the sale of the dangerous drug as alleged to a narcotics agent for the Texas Department of Public Safety. The court instructed the jury on the law of entrapment and accommodation agency.

Robert J. Harden testified that he was a narcotics agent for the Texas Department of Public Safety and, while he worked as an undercover agent, he met the appellant in Temple. He testified that he and Joe Hicks, also a narcotics agent, at about 3:15 a. m., September 11, 1971, went to the Regal Cafe which was operated by appellant. The appellant asked Harden if he needed any "reds," which meant seconal, a dangerous drug. Harden asked him the price and the appellant replied that he could let him have fifty for sixty dollars or he could let him have a hundred for one hundred dollars. Harden agreed to take them. The appellant went to the kitchen area, returned and handed Harden 100 red capsules for which Harden paid him $100. The appellant then stated: "Bob, I don't want you to be dealing these over here in this area."

Joe Hicks testified that he was at the Regal Cafe with Agent Harden the day in question and the appellant asked Harden if he wanted some "reds." After the sale was agreed upon, the appellant went to the kitchen area and came back with an envelope which had "80" written on it. The appellant then said that he had originally sacked up 80 but had put 20 more in the envelope. Harden paid him. The envelope was introduced into evidence.

The appellant testified that he operated the Regal Cafe in Temple and that Bob Harden who was a friend and customer of his was always coming in and stating that he needed some "reds." He also testified that on the day in question Harden asked him to get him some drugs. The appellant replied that he would try to get them for him because Harden said that "he was coming down from heroin and he needed the pills to help him kick it." He further testified that when he went to the storeroom area, he got the pills from Albert or "Bike" Overton. He also testified that he told Harden that he could get him 50 for $60 or that he could get him 100 for $100 from Overton and that Harden gave him five twenty-dollar bills and that he then went back to the kitchen and got the "reds" from Overton and handed them to Harden; that he only got the pills just to help Harden and that he did not make any profit but gave all the money to Overton.

Harden was recalled and testified that on the 6th of September, 1971, he purchased fifteen capsules of seconal from the appellant for $18 and that he had never seen Overton in the cafe. He also testified that on the 4th of September, 1971, he was with H. Bill Floyd who purchased 50 for $60 and again on the 5th of September saw Floyd purchase 100 red capsules for $100.

The appellant denied selling or delivering seconal to anyone except on two occasions to Harden.

■ After the court instructed the jury to acquit the appellant if he had been entrapped and also to acquit if he was merely an accommodation agent for Harden, did the court err in refusing to charge that Agent Harden was an accomplice witness? In considering this question, it will be borne in mind that the appellant admitted selling the dangerous drug to Harden. Then appellant's testimony, if believed, would establish a defense of accommodation agent or entrapment. When a person accused of crime admits in open court under oath all of the acts that would constitute the crime, there is no logical reason for a charge on accomplice testimony.

The statute on accomplice testimony, Article 38.14, Vernon's Ann. C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. . . ."

The only thing that the appellant would want the jury to believe was that he was telling the truth when he attempted to prove that the crime originated in the mind of the agent. It would be difficult to imagine how a trial court could charge on accomplice testimony upon this issue. The appellant cites Ivy v. State, 161 Tex.Cr.R. 371, 277 S.W.2d 712, which contains language in an opinion on motion for rehearing that this Court has recognized the doctrine of entrapment proof of which makes an entrapping person an accomplice witness because he has become a party to the crime. In that case, the defendant contended that the agent used an addict to purchase heroin and that the addict was an agent for the State. The court did not require a charge on accomplice testimony but held that the defense of entrapment as a defense to crime was not raised by the evidence.

In Cooper v. State, 162 Tex.Cr.R. 624, 288 S.W.2d 762, 770, on motion for rehearing, the Court wrote: "The invocation of the defense of entrapment necessarily assumes the act charged was committed. To decline to reverse upon the theory that appellant had admitted his guilt in that he called the porter Washington and conveyed to him the officer's wishes, or to hold that his testimony to that effect furnished the required corroboration of the officer's testimony, would be to deprive him of any relief upon the ground that he was entrapped. Hamilton v. United States, 5 Cir., 221 F.2d 611."

That case in effect held that Cooper was entitled to a charge under the facts on entrapment, not that he was entitled to a charge on accomplice testimony.

Owens v. State, Tex.Cr.App., 385 S.W.2d 246, is relied upon by the appellant. Owens was convicted for procuring and officers testified that before he went out there he had made up his mind that he could trick someone into sending the girl to him and that was his one purpose. The Court held that the issue of entrapment of a procurer was raised by the testimony of the officer and that the trial court erred in failing to charge the jury on the law of entrapment and in failing to submit to the jury the question of whether the officer was an accomplice witness whose testimony required corroboration.

In the present case the appellant testified to the commission of the act and there was no necessity for corroborating the officer on the fact that the act was committed. This does not appear to be the fact in the Owens case.

Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452, cited by the appellant, was affirmed. There the Court merely held that entrapment or agency was not shown as a matter of law. Gomez v. State, Tex.Cr. App., 461 S.W.2d 422, is also relied upon by the appellant. The Court held that entrapment was not shown as a matter of law and also noted that the trial court charged on the fact issue of whether Mary Hernandez was an accomplice witness. There the Court noted that an undercover agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the traffic. There is no showing that Gomez testified in his case and admitted the crime.

Under the charge as given, if the jury believed that the crime originated in the mind of Officer Harden, they were to acquit. This was more beneficial to the appellant than the usual charge on accomplice testimony which merely requires such testimony to be corroborated. A charge on accomplice testimony in the terms of the statute would vitiate the defense of entrapment.

We hold that in the present case, since the appellant admitted the act, a charge on accomplice testimony was not required. If there are any cases where entrapment or accommodation agency is raised as a defense which may be construed to hold that, where an accused takes the stand and admits all the acts which constitute a crime, a charge on accomplice testimony is required, they are overruled. The concurring opinion expresses concern that this is not necessary to the decision of the case, but yet it would hold a charge on accomplice testimony should have been given and then would apply the harmless error rule. This, in my opinion, is sufficient to show that the question should be settled.

This holding is meant to be a clarification of an apparent confusion because of some of the language in the cases heretofore cited. In view of the opinion on motion for rehearing overruling long established rules not necessary to that decision in Olson v. State, Tex.Cr.App., 484 S.W.2d 756, by the writer of the present concurring opinion, it is surprising that such a view is now expressed.

■ Next, the appellant contends that reversible error was committed when Officer Harden testified that he had dealt in drugs with the appellant before. Assuming that the statement should not have been made before the appellant testified, the issue of entrapment was raised and Harden testified that he had bought seconal from appellant before and the appellant admitted to selling it to him on one prior occasion. The error, if any, was then made harmless.

■ Where entrapment has been interposed as a defense, the evidence of a prior sale by an accused to the witness, although an extraneous offense, is admissible on the issue of intent. Jones v. State, Tex.Cr. App., 427 S.W.2d 616.[1] Sutton v. State, 170 Tex.Cr.R. 617, 343 S.W.2d 452.

No reversible error being shown, the judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result reached, but not in the holding and the reasoning of the majority.

The appellant complains that the "trial court erred in failing to charge the jury on the issue of accomplice testimony as to R. J. Harden."

He does not make clear whether he contends the court erred in failing to instruct the jury that Harden was an accomplice witness as a matter of law or erred in failing to submit to the jury as a fact issue the question of whether Harden was an accomplice witness. It is observed that he duly requested both charges, both of which were denied by the court.

If there is merit to appellant's contention, it would be only that the court erred in submitting the fact issue to the jury as to whether Harden was an accomplice witness.

Harden, an undercover narcotics agent, related that he and Joe Hicks, another such agent, went to the appellant's cafe in Temple around 3:15 a.m. on September 11, 1971 and that the appellant approached him wanting to know if he needed some "reds" (seconal) and, when he agreed on a price, the appellant went to the kitchen area of the cafe and returned with 100 "reds". The sale was consummated for $100.00.

Hicks corroborated Harden's testimony.

The appellant testified that Harden had been trying for some time to get him to obtain some "reds" and that at the time in question Harden told him he needed some pills to help him kick his heroin habit; that he obtained 100 "reds" from a man named Overton and gave the money he re-

1. In Jones v. State, supra, the issue of failure to charge on accomplice witness was raised but not written on because a proper objection had not been made to the court's charge nor was a requested charge presented to the court.

ceived from Harden to Overton; that he only intended to help Harden and made no profit on the transaction.

No charge on accomplice testimony of any kind was called for by the testimony of Harden or Hicks. It was their testimony that the appellant approached Harden and offered to sell the "pills" to him.

In Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139 (1959), this court held that an undercover " . . . agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic." See also Clark v. State, 398 S.W.2d 763 (Tex.Cr.App. 1966); Vela v. State, 373 S.W.2d 505 (Tex.Cr. App. 1963); Masters v. State, 170 Tex.Cr. R. 471, 341 S.W.2d 938 (1960); Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App. 1969); Jones v. State, 427 S.W.2d 616, 619 (Tex. Cr.App. 1968); Briseno v. State, 450 S. W.2d 865, 867 (Tex.Cr.App. 1970); Ikner v. State, 468 S.W.2d 809 (Tex.Cr.App. 1971); Alvarez v. State, 478 S.W.2d 450 (Tex.Cr.App. 1972); Easley v. State, 478 S.W.2d 539 (Tex.Cr.App. 1972), and Carter v. State, 480 S.W.2d 735 (Tex.Cr.App. 1972). See also Martinez v. State, 471 S. W.2d 399 (Tex.Cr.App. 1971). *Cf.* Gomez v. State, 461 S.W.2d 422 (Tex.Cr.App. 1971), and Corpus v. State, 463 S.W.2d 4 (Tex.Cr.App. 1971).

Further, when all the evidence offered, State and defense, is considered, it is clear there was a doubt whether Harden was an accomplice witness or not; therefore, the court did not err in refusing to charge that he was an accomplice witness as a matter of law. See Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212 (1922). *Cf.* Gonzales v. State, 441 S.W.2d 539 (Tex.Cr.App. 1969), and Allen v. State, 461 S.W.2d 622 (Tex. Cr.App. 1971).

The question remains as to whether the court should have submitted a fact issue to the jury as to whether Harden was an accomplice witness.

The appellant, in effect, testified that Harden had entrapped him and that he had acted as an accommodation agent.

The court recognized this testimony by charging on the defense of entrapment and the law of accommodation agent.

If the appellant's testimony is to be believed that the crime originated in the mind of the undercover agent Harden and that such agent induced him to commit a crime which he would not have otherwise committed, then, of course, the entrapper would be an accomplice witness. Ivy v. State, 161 Tex.Cr.R. 371, 277 S.W.2d 712 (1955), and Owens v. State, 385 S.W.2d 246 (Tex.Cr.App. 1965).[1]

An accomplice witness is a person who as a principal, accomplice, or accessory, was connected with the crime by unlawful act or omission on his part, transpiring before, at, or after commission of the offense, whether he was present or not. See Silba v. State, 161 Tex.Cr.R. 135, 275 S. W.2d 108 (1954); 24 Tex.Jr.2d Evidence § 690, p. 308.

In Crawford v. State, 148 Tex.Cr.R. 634, 190 S.W.2d 359 (1945), however, it was held that the error, if any, was harmless where the court failed to charge that a certain witness was an accomplice witness, as a matter of law, but there was other legitimate testimony upon which the conviction could be predicated, such as a complete confession of guilt by the accused which was neither contradicted nor denied. See also Haines v. State, 134 Tex.Cr.R. 524, 116 S.W.2d 399 (1938).

I would conclude that the court erred in failing to submit the fact issue of whether

1. It is to be observed that prior to the recognition of the defense of entrapment by this court in Cooper v. State, 162 Tex. Cr.R. 624, 288 S.W.2d 762 (1956), it was held that, in offenses induced by the officer, the responsible officer was an accomplice witness and his testimony must be corroborated in order to sustain the conviction. See Davis v. State, 70 Tex.Cr.R. 524, 158 S.W. 288 (1913); Note, 38 Tex.L.Rev. 925.

Harden was an accomplice witness to the jury but that the error was harmless. Here, there was other legitimate evidence on which the conviction could be based. Hicks testified to the sale and the appellant, in raising his defense of entrapment acknowledged the sale, and the court adequately charged on the defense of entrapment and accommodation agent. The charge as given fully protected appellant's rights. See Article 36.19, Vernon's Ann. C.C.P.

I would not, as the majority has done, reach out and hold that in any case no charge on accomplice testimony (apparently of any kind) is required if the accused has taken the stand and admitted the acts which constitute the crime charged. There is no necessity to lay down a new rule in order to affirm this conviction.

For the reasons stated, I concur in the results reached.