John Henry **MOULTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48337.

Court of Criminal Appeals of Texas.

May 1, 1974.

Arturo C. Gonzalez, Del Rio, for appellant.

John R. Pettit, Dist. Atty., and Edwin E. Springer, Asst. Dist. Atty., Del Rio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted for murder with malice and the jury assessed his punishment at thirty-five years' imprisonment.

Although the appellant does not challenge the sufficiency of the evidence to sustain the conviction, we set out a few of the salient facts necessary for treatment of the contentions which are advanced.

Appellant and Everette Arthur Phillips, Jr., were jointly indicted for the murder of Ignacio Garcia by choking him on the neck with a wire and a piece of cloth. At the time of the commission of the offense, appellant and Phillips were prisoners in the county jail of Kinney County in Brackettville. The deceased was the jailer and had entered the jail block to bring the afternoon meal to the prisoners. There was but one other prisoner, Jesus Sandoval, confined at the time. When Garcia entered, appellant began choking him; or, to use his own words, tried to put "a sleeper hold" on the deceased.

Appellant and Phillips bound and gagged the deceased, tied up Sandoval, locked the deceased and Sandoval in the jail, stole a car in Brackettville and started toward Eagle Pass. They were apprehended a short time after their escape from custody.

Upon appellant's motion, venue was changed to Val Verde County, while venue of the trial of his co-defendant was changed to Maverick County. The State proved the legal incarceration of appellant, his escape from the jail, his apprehension and the voluntary nature of his confession. It likewise proved by the pathologist that death was caused by extreme pressure applied to a wire and cloth around the neck of deceased, causing a fracture of the larynx and suffocation.

Appellant, Phillips, and Sandoval each testified upon the trial of the case with appellant admitting to his acts in binding and gagging the deceased, although he denied using the wire around the deceased's neck. He and Phillips testified that Sandoval was a willing participant in the tying up of the deceased, although the officers found Sandoval in the locked jail with his hands bound behind his back and a gag which he

had worked loose from his mouth after the escape of appellant and Phillips.

■ Appellant has but two grounds of error, and we will first turn our attention to his second complaint.[1] The confession was offered in evidence after the court concluded the same was voluntarily made. The confession was read to the jury by the District Attorney; however, it is not included in our record as an exhibit.

It was appellant's responsibility to obtain a complete transcript of the record for use upon appeal and to be certain that all of the exhibits necessary for a consideration of his grounds of errror be included therein. Cf. Conerly v. State, 412 S.W.2d 909 (Tex.Cr.App.1967); Goodings v. State, 500 S.W.2d 173 (Tex.Cr.App.1973). Had appellant complied with the requirement of Sec. 9, Art. 40.09, Vernon's Ann.C.C.P., by making an appropriate record reference, this omission would have become apparent before the brief was filed. Instead, counsel for *both* parties have quoted an isolated sentence which apparently was contained in appellant's confession and have joined issue thereon.

Although not included in the record, the confession is available to this Court since it was admitted into evidence before the jury. Boening v. State, 422 S.W.2d 469, 471 (Tex.Cr.App.1967), and, since there is no dispute between the parties as to the accuracy of the single sentence relied upon by appellant, we consider the ground of error as presented.

The so-called exculpatory statement forming the basis of the present complaint reads:

"We [appellant and Phillips] were intending to grab him [deceased] and scare him long enough to get the keys and lock him in the cell, but he started yelling so we asked him not to yell, and

we tried to quiet him down to put him to sleep, evidently it did not work out that well."

Appellant was not entitled to a charge on exculpatory statements upon the basis of this statement contained in his confession. In Simon v. State, 488 S.W.2d 439, 443 (Tex.Cr.App.1972), the Court held: "[A] statement must amount to an admission plus an assertion that would exculpate an accused before such a charge is required." Or, stated differently and more succinctly, "A statement is not exculpatory unless it exculpates." Perez v. State, 160 Tex.Cr.R. 376, 271 S.W.2d 281, 284 (1954). See also, Mendez v. State, 168 Tex.Cr.R. 315, 327 S.W.2d 454, 456 (1959); Stokes v. State, 506 S.W.2d 860 (Tex.Cr.App.1974).

Moreover, appellant testified as a witness on his own behalf and his testimony was substantially to the same effect as the part of the confession claimed to be exculpatory. The trial court submitted the case fairly under every defensive theory finding support in the testimony. A charge on exculpatory statements was not required. Madden v. State, 171 Tex.Cr.R. 80, 344 S.W.2d 690 (1961); Vaughns v. State, 172 Tex.Cr.R. 465, 358 S.W.2d 133 (1962); Bruce v. State, 402 S.W.2d 919 (Tex.Cr.App.1966); Williams v. State, 464 S.W.2d 114 (Tex.Cr.App.1971); Pogue v. State, 474 S.W.2d 492, 495 (Tex.Cr.App.1971). Ground of error number two is overruled.

■ Appellant complains in his first ground of error that the trial court erred in overruling his objection to the court's charge wherein the court charged on the law of accomplice testimony as a matter of fact, contending that Jesus Sandoval "unquestionably was an accomplice as a matter of law." Paragraph 18 of the charge was an almost verbatim reproduction of the charge appearing in 8 Texas Practice, Criminal Forms, Willson (Morrison &

[1]. "The Court erred in not instructing the jury by Paragraph 12 of its main charge that the exculpatory statement contained in a statement introduced by the state and signed by the Defendant had to be disproved or contradicted by other evidence and unless they did so find, they should acquit the Defendant."

**836**

Blackwell, 7th Edition, 1966), Sec. 3568, p. 575.

The main thrust of the objection was that since Sandoval had theretofore been granted immunity by the State, "that in and of itself makes him an accomplice to the offense with which this defendant is charged." Appellant has not cited us to any authority supporting this position and State's counsel confesses that he, too, has been unable to locate such a case.

Appellant places his primary reliance upon Alsup v. State, 120 Tex.Cr.R. 310, 49 S.W.2d 749 (1932), but we do not find it to be in point or persuasive under our fact situation. It is true that Sandoval had made several abortive efforts to escape jail in Brackettville, but the fact remains that only appellant and his co-defendant Phillips raise any issue as to his aiding them in the commission of their crime. Sandoval denied participation, and the jury may very well have disbelieved appellant and Phillips. One thing stands firmly established in our record: Sandoval was gagged, bound, and left in the locked jail when appellant and Phillips escaped after binding and gagging the deceased. It was Sandoval's cries which led the officers to the scene of the murder.

We have carefully reviewed the voluminous record and say, as did this Court in Silba v. State, 161 Tex.Cr.R. 135, 275 S.W.2d 108, 109 (1954), "We do not find that Guzman's [Sandoval's] relationship to the crime or the criminals would render him accountable under the law as a party to the crime itself." See also, Lundy v. State, 164 Tex.Cr.R. 111, 296 S.W.2d 775 (1956); Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116, 118 (1961).

The mere fact that State granted transactional immunity to Sandoval did not, ipso facto, change his status into that of an accomplice as a matter of law. The record does not show that he was indicted for the crime nor does it show that he was either an accomplice, accessory, or principal—as a matter of law. We are unwilling to hold that the testimony of appellant and his co-defendant, denied by the witness, can change Sandoval's status into an accomplice as a matter of law. The most that appellant was entitled to receive in the charge was a submission of the question as one of fact.

 Moreover, the overwhelming evidence, including that of appellant and Phillips, establishes the commission of the offense so that if the testimony of Sandoval were to be removed from the record, there would be an abundance of evidence upon which the conviction would stand. Consequently, no error is shown. Haines v. State, 134 Tex.Cr.R. 524, 116 S.W.2d 399 (1938); Saucier v. State, 156 Tex.Cr.R. 301, 235 S.W.2d 903, 910 (1950).

The judgment is affirmed.

Opinion approved by the Court.