**AFFIRMED and Opinion Filed May 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01515-CR**
**No. 05-19-01517-CR**
**No. 05-19-01518-CR**
**No. 05-19-01519-CR**
**No. 05-19-01544-CR**
**No. 05-19-01546-CR**

**JIMMY DUANE TUCKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-84179-2017 Count No. I; No. 366-84179-2017**
**Count No. II, III, IV; No. 366-84179-2017 Count No. V, VI, VII; No. 366-**
**84179-2017 Count No. VIII, IX, X; No. 366-84425-2019 Count No.I; No. 366-**
**84425-2019 Count No. II &III**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

Appellant Jimmy Duane Tucker appeals six judgments of conviction on one

count of continuous sexual abuse of a child under the age of fourteen, nine counts of

sexual assault of a child, and three counts of prohibited sexual conduct. Appellant

raises ten issues on appeal. We affirm the trial court's judgments.

# I.    Procedural History

In trial court Case No. 366-84179-2017, appellant was indicted on one count of continuous sexual abuse of a child under the age of fourteen and nine counts of sexual assault of a child. In trial court Case No. 366-84178-2017, appellant was indicted on three counts of prohibited sexual conduct.

On October 28, 2019, the State filed a notice of intent to consolidate trial court Case No. 366-84178-2017 (prohibited sexual conduct) with trial court Case No. 366-84179-2017 (continuous sexual abuse of a child and sexual assault of a child) pursuant to § 3.02 of the Texas Penal Code.[1] In November 2019, appellant filed a Motion to Sever Offenses and Request for Separate Trials. At trial, prior to voir dire, the trial court heard arguments on the motion to sever and denied the motion.

The case was tried to a jury. The State put on five witnesses: K.T. (the complainant), K.T.'s aunt, K.T.'s friend, and two experts (Eligio Molina and Dan Powers). During trial, appellant objected to each of the State's experts testifying, and the trial court conducted *Daubert* hearings and overruled appellant's objections.

The jury found appellant guilty as charged on all counts. The jury assessed punishment at fifty years' confinement for continuous sexual abuse of a child, twenty years' confinement for each count of sexual assault of a child, and ten years'

---

[1] In early November 2019, appellant was re-indicted on the three counts of prohibited sexual conduct in trial court Case No. 366-84425-2019. The State moved to transfer its motions and notices filed in trial court Case No. 366-84718-2017 to trial court Case No. 366-84425-2019. The trial court granted the motion.

confinement on each count of prohibited sexual conduct. The trial court signed six judgments of conviction as follows:

- one judgment of conviction for continuous sexual abuse of a child under the age of fourteen (Case No. 366-84179-2017 Count No. I[2]);

- three judgments of convictions for sexual assault of a child (Case No. 366-84179-2017 Count No. II, III, IV[3]; Case No. 366-84179-2017 Count No. V, VI, VII[4]; and Case No. 366-84179-2017 Count No. VIII, IX, X[5]); and

- two judgments of convictions for prohibited sexual conduct (Case No. 366-84425-2019 Count No.[ I][6] and Case No. 366-84425-2019 Count No. II &[ ]III[7]).

The trial court ordered the sentences to run concurrently. Appellant filed motions for new trial in both case numbers; the motions were denied by operation of law.

Appellant timely appealed, raising ten issues. For the reasons below, we overrule all ten issues and affirm the trial court's judgments of conviction.

## II.    Sufficiency of the Evidence (Issue Nos. 1–2)

In his first two issues, appellant contends that the evidence is legally insufficient to support his convictions for continuous sexual assault of a child (Issue No. 1) and for sexual assault of a child as to any count (Issue No. 2). We resolve both issues against appellant.

---

[2] Appeal No. 05-19-00515-CR.

[3] Appeal No. 05-19-01517-CR.

[4] Appeal No. 05-19-01518-CR.

[5] Appeal No. 05-19-01519-CR.

[6] Appeal No. 05-19-01544-CR

[7] Appeal No. 05-19-01546-CR.

## A.    Standard of Review

To evaluate the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard applies equally to both direct- and circumstantial-evidence cases, *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010), and tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts, *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

On review, this Court ensures that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). When reviewing the evidence, our role is not to become a thirteenth juror, and we "may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder." *Isassi*, 330 S.W.3d at 638. Rather, our role "is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Id*.

## B.    Issue Nos. 1 and 2: Legally sufficient evidence of continuous sexual abuse of a child under the age of fourteen and sexual assault of a child

Appellant argues his first two issues together. As we understand his argument, he asserts two general reasons why the evidence is insufficient to support his

convictions for continuous sexual abuse of a child or sexual assault of a child. We address each argument below.

### 1. Evidence of sexual abuse thirty or more days apart

Appellant argues that the State did not present sufficient evidence to support the conviction for continuous sexual abuse of a child because it failed to prove that he committed two or more acts of abuse thirty or more days apart. He contends that the State did not present testimony of any witness to corroborate that the sexual assaults occurred over thirty days, and he argues that the State did not present any timeline of when the sexual encounters took place. Appellant argues that K.T. could not recall any specific times or at what age she was when the encounters occurred. In his view, K.T.'s testimony was not specific enough to establish when the abuse occurred, and the State presented no other evidence showing that the alleged acts occurred thirty or more days apart. For the reasons below, we conclude that there is sufficient evidence in the record to support the jury's determination that appellant committed two or more acts of sexual abuse against K.T. during a period that is thirty or more days in duration when K.T. was under the age of fourteen.

A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse against one or more victims and, at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age, regardless of

whether the actor knows the age of the victim at the time of the offense. TEX. PENAL CODE ANN. § 21.02(b). "Although the exact dates of the abuse need not be proven, the offense does require proof that two or more acts of sexual abuse occurred during a period of thirty days or more." *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.— Dallas 2017, no pet.). "The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child." *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07.

The jury was asked to determine, beyond a reasonable doubt, whether during a period that was thirty days or more in duration, appellant committed two or more acts of sexual abuse against K.T. by (1) intentionally or knowingly causing (a) K.T.'s mouth to contact appellant's male sexual organ; (b) K.T.'s female sexual organ to contact appellant's mouth; and/or (c) the penetration of K.T.'s female sexual organ by means of appellant's finger; and (2) at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen years of age or older and K.T. was a child younger than fourteen years of age.

The record reflects that appellant is K.T.'s step-father.[8] K.T. testified that appellant married her mother when K.T. was about three years old. She testified that she was twelve when things starting happening with appellant:

---

[8] We discuss the evidence, viewed in the light most favorable to the verdict, only to the extent necessary to give context to this case and to address the specific sufficiency-of-the-evidence issues that appellant raises on appeal and that are preserved for our review.

Q. So about how old were you when things started happening that you didn't think were appropriate?

A. 12.

Q. Okay. And what helps you remember that you were around age 12?

A. Because I was just starting out in middle school.

Q. Do you remember what grade in middle school or just about 12?

A. 6th to 7th grade.[9]

K.T. testified that the first incident occurred during an afternoon nap when she was lying between her mother (who was intoxicated and asleep) and appellant in appellant's room.[10] She testified that she touched appellant's male sexual organ with her hands under his pants and then performed oral sex on appellant; appellant did not stop her.

According to K. T.'s testimony, the second incident occurred later that day. K.T. testified that she was alone in her room sitting on her bed; appellant came in and sat beside her, laid her down, and took off her pants. She testified that appellant moved his hands toward her "genitalia area," used his fingers to massage K.T.'s clitoris and the "lips" of her genitals, and went past the lips. She testified that

---

[9] The record reflects that K.T. was held back a grade in elementary school.

[10] K.T. testified that by the time she was twelve years old, she had watched a lot of pornography. She explained that when she was in elementary school, pornography would pop up on appellant's home-office computer, as if someone had clicked on a link to make it come up. After this happened a few times, she began watching pornography in her room.

appellant then "went down with his mouth" and used his tongue to make circular motions on her clitoris and the "lips" of her genitals.

K.T. testified that the next incident happened in appellant's room, although she could not remember the exact timing of it. She testified that she was in appellant's room sitting on the bed, and appellant took off K.T.'s pants and underwear. K.T. testified that appellant put his mouth "[o]n the clitoris and on the lips" and "on the line in between" the lips. She further testified that she performed oral sex on appellant, explaining that she "put his penis inside of [her] mouth."

K.T. testified that she did not remember the specific times when it happened again but that she "knew that it happened." She explained: "It didn't happen often. They were spaced out." The prosecutor asked K.T.: "And when you say spaced out, do you mean spaced out like every other day, every other week?" K.T. answered: "No, sometimes it would be weeks." The prosecutor then asked K.T.: "Would it be pretty regularly that things like that would happen?" K.T. answered: "Yes, ma'am." She then testified:

> Q.    So from the first time that something happened to when it continued happening, it was spaced out over every couple weeks?
>
> A.    Couple weeks, some –
>
> Q.    Couple months – is that what you said? I'm sorry.
>
> A.    Yes, couple weeks.
>
> . . . .
>
> Q.    Okay. So when it first started happening, it was just his mouth on your vagina?

A.    Yes, ma'am.

Q.    And then your mouth on his genitals?

A.    Yes, ma'am.

K.T. testified that her mother was still living at the house at this time. K.T. also testified that in middle school, she "had a good concept of what was happening so [she] didn't want anybody to know. [She] kept it a secret for a while. [She] knew that it wasn't right . . . ."

K.T. testified that when she was fourteen years old, appellant and K.T.'s mother divorced, K.T.'s mother left, and K.T. continued to live with appellant. She testified that by this time, things had been happening with appellant "every few weeks or so," and K.T. began to sleep sometimes in appellant's bedroom.

K.T.'s testimony also evidenced that after K.T. turned fourteen years old, appellant and K.T. continued to perform oral sex on each other and that appellant would put his fingers on K.T.'s genitals. Her testimony evidenced that the frequency of the incidents increased to "every few days" by the time she was sixteen or seventeen. K.T. testified that by the time of her sixteenth birthday, appellant and K.T. had been having conversations about potentially getting married.

K.T. testified that appellant asked K.T. to marry him when she was around eighteen years old. According to K.T.'s testimony, they got married in Las Vegas a few weeks after she turned twenty years old. K.T. testified that after they got married, appellant had "sexual intercourse" with K.T.; after that first time, the sexual

intercourse "happened often," "every day or every other day," and they continued having oral sex. K.T. further testified that after they got married, she brought up to appellant her being nervous about telling the family about their marriage and how she "hated how it was because of how sexually active [she] was with him"; she asked him about "the fact he [had] never redirected [her] or told [her] that [her] behavior was wrong." K.T. testified that appellant talked about how she was twelve years old when this all started happening and that appellant stated that he did not "redirect" her because she "was so sweetness."[11]

K.T.'s testimony evidences that the first two incidents of sexual abuse occurred on the same day when she was twelve years old. K.T. could not remember if she was the same age or in the same grade for the third incident, and she did not give specific dates or ages for any subsequent specific incidents that occurred before she turned fourteen years old. But she testified that by the time her mother left, which happened she was fourteen years old, things had been happening with appellant "every few weeks or so." And she testified that while she was in middle school, she "had a good concept of what was happening." K.T. also testified that after the first three incidents, things continued to happen "pretty regularly," that they were "spaced out," and that they happened every "couple weeks." The span of time described by

_____

[11] The court reporter transcribed appellant's statement, as testified to by K.T., as being that K.T. "was so sweetness." The State contends that K.T. actually testified that appellant had said that she was "sweet and innocent." To support that contention, the State points to the prosecutor's reference to the statement during closing argument. Any issue about the accuracy of the transcript regarding this portion of K.T.'s testimony is not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.4.

–10–

K.T. (e.g., every "couple weeks," "middle school," "pretty regularly," or "6th to 7th grade") necessarily involves a period that is thirty days or more in duration.

Based on our review of the entire record and after considering all the evidence in the light most favorable to the verdict and reasonable inferences therefrom, we conclude a rational jury could have found that two or more acts of sexual abuse occurred during a period of thirty days or more after K.T. turned twelve years of age and before she turned fourteen years of age. *See Buxton v. State*, 526 S.W.3d 666, 676–77 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (op. on reh'g) (holding evidence that abuse occurred regularly from the time victim was five or six years old until she was ten years old was sufficient to prove multiple sex acts occurring thirty or more days apart); *Baez v. State*, 486 S.W.3d 592, 594–95 (Tex. App.—San Antonio 2015, pet. ref'd) (holding evidence was sufficient to prove multiple acts of abuse committed thirty or more days apart when child victim testified that abuse started when she was in sixth grade and that the appellant had touched her "often," "more than once a week," until she moved out of the appellant's house, and when sexual assault nurse examiner testified that the child victim told her that it started happening when the child was "13 to 14 years old").

### 2. Credibility of K.T.'s testimony

Second, appellant contends that the evidence is insufficient to support his convictions for continuous sexual abuse and sexual assault of a child because there is no evidence of an assault outside of K.T.'s testimony, which he contends is not

–11–

credible for various reasons. Appellant's argument, for which he cites no authority, is contrary to Texas law.

In Texas, the testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child or sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Garner*, 523 S.W.3d at 271; *see also Bishop v. State*, No. 05-18-01496-CR, 2020 WL 3821076, at *7 (Tex. App.—Dallas July 8, 2020, no pet.) (mem. op.) (not designated for publication) (citing *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd)).

Appellant also cites no authority and provides no argument explaining how his challenges to K.T.'s credibility affect the sufficiency of the evidence to support his convictions for continuous sexual abuse of a child and sexual assault of a child. The factfinder is tasked with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts. *Murray*, 457 S.W.3d at 448. The jury, as the sole judge of the credibility of the witness, is free to believe or disbelieve all or part of a witness's testimony. *Arnold v. State*, No. 05-15-00482-CR, 2016 WL 2733080, at *1 (Tex. App.—Dallas May 11, 2016, no pet.) (mem. op.) (not designated for publication) (citing *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011)). When conducting a sufficiency review, "we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray*, 457 S.W.3d at 448–49. Our role is not to engage in a second evaluation of the weight and credibility of the evidence; rather, our role is to ensure

that the jury reached a rational decision. *See Isassi*, 330 S.W.3d at 638. Thus, appellant's arguments challenging the credibility of K.T.'s testimony are not persuasive.

**C.     Conclusion**

After reviewing the entire record, based on the cumulative force of all the evidence when viewed in the light most favorable to the verdict, considering the reasonable inferences to be drawn from that evidence, and deferring to the jury's determination of the credibility of the witnesses and the weight to be given their testimony, we conclude that a rational trier of fact could have found the essential elements of the offenses of continuous sexual abuse of a young child and sexual assault of a child (as to each count) beyond a reasonable doubt. We overrule appellant's first and second issues.

### III.     Motion for Severance (Issue No. 4)

In his fourth issue, appellant argues that the trial court erred by denying his motion to sever the offenses for separate trials. We resolve this issue against appellant.

**A.     Standard of Review and Applicable Law**

We review a trial court's ruling on a motion to sever for an abuse of discretion. *Hodge v. State*, 500 S.W.3d 612, 621 (Tex. App.—Austin 2016, no pet.). Thus, it is reversible only if it is so clearly wrong as to lie outside the zone of reasonable disagreement or is arbitrary or unreasonable. *Id.*

Under § 3.02 of the Texas Penal Code, a defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a). A "criminal episode," as relevant here, means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person, if the offenses are the repeated commission of the same or similar offenses. *Id.* § 3.01.

Under § 3.04(a), a defendant generally has a right to sever offenses consolidated for trial pursuant to § 3.02. *See id*. § 3.04(a). But the right to a severance under § 3.04(a) does not apply to the prosecution for offenses described by § 3.03(b) of the Texas Penal Code "unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses." *Id*. § 3.04(c). The offenses described by § 3.03(b) include offenses under § 21.02 (continuous sexual abuse), § 22.011 (sexual assault of a child), § 22.021 (aggravated sexual assault), and § 25.02 (prohibited sexual conduct) committed against a victim younger than seventeen years of age at the time of the commission of the offense. *Id*. § 3.03(b)(2)(A). For these type of offenses, there is no presumption that the joinder of the cases is unfairly prejudicial, and the defendant bears the burden of showing how he would be unfairly prejudiced through consolidation. *See Hodge*, 500 S.W.3d at 621.

**B.      Discussion**

On appeal, appellant argues that his "trial counsel argued his specific reasons why [a]ppellant would be unfairly prejudiced by not [severing] the trial of the offenses the State planned to present at the trial." He states that his trial counsel "gave the trial court examples of the type of prejudice that went beyond that which one would automatically face in any case in which felony counts are joined." Appellant, however, makes no argument on appeal with citations to authority to support his position. *See* TEX. R. APP. P. 38.1(i). Instead, he quotes a portion of the argument that his trial counsel made at the hearing on the motion to sever. In the quoted portion of the argument, appellant's trial counsel took the position that appellant was entitled to a severance because the continuous-sexual-abuse-of-a-child charge does not require witness corroboration whereas the prohibited-sexual-conduct charge does require witness corroboration if the accomplice participated willingly. Assuming without deciding that appellant adequately briefed this issue, we do not find appellant's position persuasive.

As indicated above, the testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child or sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Garner*, 523 S.W.3d at 271; *see also Bishop*, 2020 WL 3821076, at *7. In the prosecution of the offense of prohibited sexual conduct, however, a defendant may develop evidence that the complaining

witness was an accomplice, either as a matter of law or as a matter of fact.[12] *See Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013).[13] A conviction cannot be had upon the testimony of an accomplice unless corroborated by independent evidence tending to connect the defendant with the offense committed. *See id.* at 509 (citing TEX. CODE CRIM. PROC. ANN. art. 38.14); *see also Bolin*, 505 S.W.2d at 913. A defendant bears the burden of developing evidence showing the applicability of the accomplice-witness rule. *See Lundy v. State*, 296 S.W.2d 775, 776 (Tex. Crim. App. 1956); *see also Phelps v. State*, 532 S.W.3d 437, 446–47 (Tex. App.—Texarkana 2017, pet. ref'd).

Appellant's position, as we understand it, is that the consolidation of (1) the offenses of continuous sexual abuse of a child and sexual assault of a child with (2) the offense of prohibited sexual conduct is, as a matter of law, unfairly prejudicial. This is because the former offenses may be supported solely by the testimony of a child victim and the latter offense may require corroboration if the defendant develops evidence showing that the complaining witness is an accomplice.

---

[12] A person commits the offense of prohibited sexual conduct if, as applicable here, the person engages in sexual intercourse or deviant sexual intercourse with another person the actor knows to be, without regard to legitimacy, the actor's current or former stepchild. *See* TEX. PENAL CODE ANN. § 25.02(a)(2), (b).

[13] If the sexual intercourse was compelled by force, threats, fraud, or undue influence, then the complaining witness is not an accomplice. *Bolin v. State*, 505 S.W.2d 912, 913 (Tex. Crim. App. 1974); *see also Navarro v. State*, 623 S.W.3d 97, 108 (Tex. App.—Austin 2021, pet. ref'd).

Section 3.04(c), however, expressly states that the right to a severance does not apply to a prosecution for offenses described by § 3.03(b). TEX. PENAL CODE ANN. § 3.04(c). And § 3.03(b) expressly includes the offenses of sexual abuse, sexual assault, aggravated sexual assault, and prohibited sexual conduct committed against a victim younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A). Appellant does not contend that he has a right to a severance under § 3.04(a). His argument is based solely on a right to a severance under § 3.04(c) based on an argument the joinder of these offenses is unfairly prejudicial. But appellant provides no argument and cites no authority explaining why it is unfairly prejudicial to consolidate the offense of prohibited sexual conduct with the offenses of continuous sexual abuse of a child and sexual assault of a child in light of the plain language of §§ 3.04(c) and 3.03(b) permitting such offenses to be consolidated for trial. This Court will not make novel legal arguments for appellant. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc). Further, as the State points out, the trial court could include, and did include, an accomplice-witness instruction in the jury charge for the three counts of prohibited sexual conduct.

We conclude that, based on the arguments presented, appellant has failed to demonstrate that the trial court abused its discretion by denying appellant's motion to sever. We overrule his fourth issue.

## IV.    Improper Voir Dire (Issue No. 5)

In his fifth issue, appellant contends that the trial court erred by overruling appellant's objection to the State's voir dire of the prospective jurors. Specifically, appellant points us to the following portion of the record:

> [Prosecutor]: . . . . The law says that provided – that a defendant can be found guilty on the testimony of one witness, provided that the State proves every element beyond a reasonable doubt.
>
> Okay. So if every single element is proven beyond a reasonable doubt by one witness, the law says that that's sufficient for a jury. Does that make sense? Because sometimes there might not be any other eyewitnesses, right?
>
> Even if that one witness is the child or a victim in the case, how do you guys feel about that? Does it make sense? Does it not make sense? Are you guys totally asleep yet?
>
> *So I do want to ask y'all that. In a hypothetical continuous sexual abuse of a child case, let's say that the State presents evidence of all of those elements that we talked about through one witness. Okay. And you have that evidence, and you believe that one witness beyond a reasonable doubt. I want to know what your verdict will be. I'm going to ask everybody. Does that make sense? Does everybody understand the hypothetical?*[14]

At that point, appellant's trial counsel asserted the following objection: "Your Honor, I'm going to object to this round of questioning. Having everyone say guilty or not guilty, I don't think aids in anything other than prejudicing my client." The trial court overruled the objection, and the prosecutor then asked each member of the panel what their verdict would be in that hypothetical case.

---

[14] The emphasis indicates the specific portion of the State's voir dire that appellant complains about on appeal.

On appeal, appellant argues that the trial court abused its discretion by overruling his objection to the emphasized portion of the State's voir dire because the State's questions to the prospective jurors constituted improper commitment questions. He argues that he was tried by jurors that had prejudged him or some aspect of his case because the State had improperly committed the venire panel to a verdict or course of action before any evidence.

At trial, however, appellant did not object on grounds that the prosecutor's questioning constituted an improper attempt to commit the prospective jurors. Rather, his objection was that the questioning served no purpose and that it was prejudicial to appellant for each juror to say guilty or not guilty; he lodged no complaint to the content of the question itself.

Accordingly, because appellant's objection during voir dire does not comport with his complaint on appeal, we conclude that appellant has not preserved for our review a complaint that the prosecutor's questioning constituted an improper attempt to bind the prospective jurors. *See* TEX. R. APP. P. 33.1(a)(1); *see also Lester v. State*, No. 2-02-111-CR, 2004 WL 102432, at *2 (Tex. App.—Fort Worth Jan. 22, 2004, no pet.) (mem. op.) (not designated for publication).

The outcome would be no different even if appellant had preserved this issue for our review. A trial court has broad discretion over the process of selecting a jury. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003) (en banc). Thus, we

leave to the trial court's discretion the propriety of a particular question. *Id.* We will not disturb the trial court's decision absent an abuse of discretion. *Id.*

A commitment question attempts to bind or commit a prospective juror to a verdict based on a hypothetical set of facts. *See Avila v. State*, No. 05-13-00673-CR, 2014 WL 5475459, at *2 (Tex. App.—Dallas Oct. 30, 2014, no pet.) (mem. op.) (not designated for publication). Commitment questions require a venireman to promise that he will base his verdict or course of action on some specific set of facts before he has heard any evidence, much less all of the evidence in its proper context. *Id.* Improper commitment questions are prohibited to ensure that the jury will listen to the evidence with an open mind—a mind that is impartial and without bias or prejudice—and render a verdict based on that evidence. *Id.* Not all commitment questions are improper. *Id.*

A commitment question is proper, for instance, if one of the possible answers to the question gives rise to a valid challenge for cause. *Id.* A potential juror may be properly challenged for cause and removed if he "could not convict based upon one witness whom they believed beyond a reasonable doubt, and whose testimony proved every element of the indictment beyond a reasonable doubt." *Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006); *see also Avila*, 2014 WL 5475459, at *3.

Here, the prosecutor's questioning asked the venire panel to state what their verdict would be under a hypothetical where the State proved every element of a

continuous-sexual-abuse-of-a-child offense beyond a reasonable doubt through the testimony of one witness whom they believed beyond a reasonable doubt. An answer of "not guilty" under that hypothetical would indicate that the potential juror may be validly challenged for cause. *See Lee*, 206 S.W.3d at 623–24. Although appellant may be correct that the prosecutor asked the venire panel a commitment question, he provides no argument and cites no authority on appeal demonstrating that it was an improper commitment question.

Accordingly, based on the arguments raised by appellant, we conclude that appellant failed to demonstrate that the trial court abused its discretion by overruling appellant's objection during the State's voir dire. We overrule appellant's fifth issue.

## V. Inadequately Briefed Issues (Issue Nos. 3, 6–10)

In his third and sixth through tenth issues, appellant raises issues relating to the sufficiency of the evidence to support his convictions for prohibited sexual conduct, the admissibility of expert testimony and photographic evidence, and due-process issues. For the reasons below, we conclude that these issues are waived due to inadequate appellate briefing.

## A. Requirements for an Appellant's Brief

An appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Given the wide latitude afforded to an appellant to present whatever issues for review he desires, with very few limitations, an "an appellate

court has no obligation to construct and compose an appellant's issues, facts, and arguments with appropriate citations to authorities and to the record." *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (quotation marks, citation, and internal brackets omitted). In other words, "an appellate court is not required to make an appellant's arguments for [him]." *Id.*

An issue that is conclusory and provides no supporting authority presents nothing for appellate review. *See Rhoades*, 934 S.W.2d at 119 ("It is incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority."); *see also Farrar v. State*, No. 06-15-00175-CR, 2016 WL 3476071, at *1 (Tex. App.—Texarkana June 24, 2016, no pet.) (mem. op.) (not designated for publication) ("An inadequate brief presents nothing for our review."); *Thompson v. State*, No. 01-08-00156-CR, 2010 WL 457455, at *6 (Tex. App.—Houston [1st Dist.] Feb. 11, 2010, pet. ref'd) (mem. op.) (not designated for publication) ("A point of error that is conclusory and cites no authority presents nothing for appellate review."); *Tuner v. State*, No. 05-02-00787-CR, 2003 WL 577248, at *9 (Tex. App.—Dallas Feb. 28, 2003, no pet.) (not designated for publication) (holding appellant failed to adequately brief points of error).

## B.    Issue No. 3: Legally Sufficient Evidence of Prohibited Sexual Conduct

The heading of appellant's third issue is the following: "The evidence is legally insufficient to support the conviction for prohibited sexual conduct as to any

count." Under that heading, appellant provides the following one-paragraph argument, which consists of five sentences:

> Appellant's counsel during final argument as to the counts charging prohibited sexual conduct stated that the complainant was an accomplice who aids the other person in committing the offense. He claimed that there can be no conviction just by what she said. There is no other corroborating evidence to support the jury's verdict beyond a reasonable doubt. Additionally, the complainant and defendant were legally married. Appellant adopts by reference the argument trial counsel made as stated in Issue no. 1 as if set out verbatim herein.

Appellant's argument is confusing, conclusory, and not supported by any citations to legal authority or any citations to the record. He refers to a "final argument" and "the argument trial counsel made as stated in Issue no. 1," but he does not provide record references to direct us to the arguments to which he is referring. He does not direct us to any portions of the record containing evidence germane to his third issue, including evidence demonstrating that K.T. was an accomplice. Although in his first issue, appellant does refer to two arguments his trial counsel had made in the trial court, the arguments referenced in his first issue concerned evidence of two separate instances of sexual abuse thirty or more days apart and a contention that K.T. had come from a dysfunctional background. We cannot ascertain how those arguments relate to the sufficiency of the evidence supporting appellant's convictions for prohibited sexual conduct.

We conclude that appellant failed to adequately brief his third issue and, thus, preserved nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Garner v. State*, No.

05-10-00195-CR, 2011 WL 3278533, at \*5 (Tex. App.—Dallas Aug. 2, 2011, no pet.) (mem. op.) (not designated for publication). We overrule his third issue.

## C.     Issue Nos. 6 and 7: Admission of Expert Testimony

In his sixth and seventh issue, appellant argues that the trial court erred by overruling his objections to the State's two expert witnesses: Eligio Molina (Issue No. 6) and Dan Powers (Issue No. 7). In support of both issues, appellant quotes the portions of the record containing his trial counsel's arguments on his objections to the experts providing expert testimony and the trial court's rulings. He then recites the general law governing the admissibility of expert testimony and the factors (qualification, reliability, relevance) that a trial court must consider. *See generally Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). Appellant then simply concludes that "it was [an] abuse of discretion to allow this witness [Molina and Powers] to testify as an expert witness contrary to *Kelly v. State*[,] 32[1] S.W.2d [5]83 (Tex. Ct. App.—Houston [14th] 2010) [a]nd *Ne[n]no v. State*, 970 S.W.2d 254 (Tex. Crim. App. 1998)." He provides no explanation as to how either case applies to the facts of this case in order to demonstrate an abuse of discretion by the trial court.

We conclude that appellant failed to adequately brief his sixth and seventh issues and, thus, preserved nothing for our review. *See* TEX. R. APP. P. 38.1(i). He generally states an issue, cites the general law governing that type of issue, and then reaches a conclusion, but he provides no argument analyzing the governing law and

–24–

showing how it applies to the facts of this case. Appellant provides no argument and cites no authority explaining why the trial court's ruling, in light of the arguments made by both sides, constituted an abuse of discretion. We are not required to make appellant's arguments for him. *See Wolfe*, 509 S.W.3d at 343; *see also Adams v. State*, No. 05-12-01534-CR, 2014 WL 2742814, at *1 (Tex. App.—Dallas June 16, 2014, no pet.) (mem. op.) (not designated for publication) (holding appellant's quotations from the record and general description of the standard of review and procedural steps necessary to preserve complaints about violations of limine rule did not preserve a complaint that the trial court erred by denying motions for mistral; appellant did "not present any argument or cite any relevant authority in support of his claim that the trial court should have granted a mistrial in this case"). We overrule appellant's sixth and seventh issues.

**D.    Issue No. 8: Admission of Photographs**

In his eighth issue, appellant argues that the trial court erred by overruling his objections to State's Exhibit Numbers 6–14. In support of this issue, appellant provides quotations from three pages of the record where appellant's trial counsel objected to these exhibits and where the trial court overruled the objections. Appellant then sets forth the general law governing the exclusion of evidence under Texas Rule of Evidence 403 and the factors that a trial court must consider when conducting a rule 403 analysis. He also recites the law generally relating to when photographic evidence is unfairly prejudicial. Appellant then simply concludes:

–25–

"Here [a]ppellant asserts the trial court abused its discretion by admitting State's Exhibits 6–14 [into] evidence because those photos were 'duplicative' and therefore '[f]ailed to add anything logical or relevant that made it more probative than prejudicial' and 'were used simply to inflame the passions of the jury.'"

Appellant failed to adequately brief his eighth issue. He does not identify or describe any of the photographs or cite the portion of the record where each photograph may be found. Appellant does not does provide any argument explaining how, for any photograph, he asserted rule 403 as grounds for seeking exclusion of the photograph in the trial court. And he does not provide any argument applying the law to any of the photographs in order to explain why he contends that admission of the photographs constituted an abuse of discretion by the trial court. Appellant states an issue, recites the general law governing a trial court's admission of evidence over a rule 403 objection, and concludes that the trial court abused its discretion. He entirely omits any analysis of an application of the law to the facts of this case. We are not required to make appellant's arguments for him. *See Wolfe*, 509 S.W.3d at 343.

We conclude that appellant failed to adequately brief his eighth issue and, thus, preserved nothing for our review. TEX. R. APP. P. 38.1(i); *see Adams*, 2014 WL 2742814, at *1. We overrule his eighth issue.

**E. Issue No. 9: Due-Process Violations Relating to Convictions for Prohibited Sexual Conduct**

In his ninth issue, appellant argues that the trial court denied him due process of law with respect to his convictions for prohibited sexual conduct in violation of the rule that one indictment can result in no more than one conviction and one punishment. Appellant states that in trial court case no. 366-84425-2019, he was charged by an indictment "that contained three separate counts alleging [p]rohibited [s]exual [c]onduct," that the jury found him guilty on all three counts, and that then the jury assessed his punishment for each offense at ten years' confinement. Appellant then cites article 21.24 of the Texas Code of Criminal Procedure and case law setting forth the general rule that if the State wishes to allege different offenses, then it must allege each offense in a separate count. He then concludes, without explanation, that "the proper remedy in this case is to reverse the trial court's [judgments] of conviction and enter only one [judgment] of conviction in two of the counts for the offense of [p]rohibited [s]exual [c]onduct and assess a single ten year sentence."

Appellant's argument is confusing and conclusory. He acknowledges that the indictment at issue contained "three separate counts" alleging prohibited sexual conduct and that the jury found him guilty on all three counts. But appellant does not address the fact that the trial court entered only two judgments of conviction for prohibited sexual conduct (one with an offense date of July 23, 2017, and another with an offense date of July 1, 2014). He provides no argument applying the

governing law to the three counts in the indictment, the jury charge, or his two convictions for prohibited sexual conduct. *See* TEX. R. APP. P. 38.1(i). Appellant merely states an issue, cites the general law governing that type of issue, and then reaches a conclusion without providing us with any analysis explaining how the law applies to the facts of this case to reach his conclusion. We are not required to make appellant's argument for him. *See Wolfe*, 509 S.W.3d at 343.

We conclude that appellant failed to adequately brief his ninth issue and, thus, preserved nothing for our review. TEX. R. APP. P. 38.1(i); *see Adams*, 2014 WL 2742814, at *1. We overrule appellant's ninth issue.

**F.    Issue No. 10: Due-Process Violations Relating to Appellant's Convictions for Continuous Sexual Abuse and Sexual Assault of a Child**

In his tenth issue, appellant argues the trial court erred by entering more than one judgment on indictment in trial court case no. 366-8417-2019. He argues that the legislature intended to disallow dual convictions for the offense of continuous sexual abuse and for the offenses enumerated as acts of sexual abuse when based on conduct against the same child during the same time period. Appellant contends: "[T]he jury found [appellant] guilty of three counts of sexual abuse and assessed punishment to 20 years' imprisonment for [each] count of sexual abuse. The jury found [a]ppellant guilty of continuous sexual abuse of a child in count I and assessed punishment at 50 years imprisonment." He then recites law relating to the one-count-per-conviction rule and simply concludes, without explanation: "The trial court in the case at bar abused its discretion in entering judgment on counts II, III, IV, V, VI,

VII, VIII, IX, X for sexual abuse which is a lesser included offense to Count I which denied [a]ppellant due process of law and was a violation of the above referenced Texas common law on this point."

We conclude that appellant's briefing is inadequate. Appellant sets forth an issue about whether his nine convictions for sexual assault of a child and his one conviction for continuous sexual abuse of a child violates the one-count-per-conviction rule, and he cites law governing that issue. But he provides no clear and concise argument applying the law to the ten counts in the indictment, the jury charge, or four judgments of conviction (one for continuous sexual abuse and three for sexual assault of a child, all based on different offense dates) in that cause number. *See* TEX. R. APP. P. 38.1(i). We are not required to make appellant's argument for him. *See Wolfe*, 509 S.W.3d at 343.

We conclude that appellant failed to adequately brief his tenth issue and, thus, preserved nothing for our review. TEX. R. APP. P. 38.1(i); *see Adams*, 2014 WL 2742814, at *1. We overrule appellant's tenth issue.

## VI.    Conclusion

Having overruled all ten of appellant's issues on appeal, we affirm the trial court's judgments of conviction.

|  |  |
|---|---|
|  | /Leslie Osborne// |
|  | LESLIE OSBORNE |
| 191515f.u05 | JUSTICE |
| 191517f.u05 |  |
| 191518f.u05 |  |
| 191519f.u05 |  |
| 191544f.u05 |  |
| 191546f.u05 |  |
| Do Not Publish |  |
| TEX. R. APP. P. 47 |  |



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01515-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-84179-
2017 Count No. I.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of May, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01517-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-84179-
2017 Count No. II, III, IV.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 18th day of May, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01518-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-84179-
2017 Count No. V, VI, VII.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 18th day of May, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01519-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84179-2017 Count No. VIII, IX, X. Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of May, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01544-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-84425-
2019 Count No.I.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 18th day of May, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JIMMY DUANE TUCKER,
Appellant

No. 05-19-01546-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-84425-2019 Count No. II &III.
Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of May, 2022.